## Case No. 4,646.

### In re FAREZ.

[7 Blatchf. 491.][1]

Circuit Court, S. D. New York.   July 11, 1870.

Francis R. Coudert, for prisoner.

Henry D. Lapaugh, for the Swiss government.

WOODRUFF, Circuit Judge (orally). (1.) I find before me, on this occasion, a proceeding lately had in this court, involving the precise questions now raised, and by the same petitioner. in which proceeding the court made an order which it deemed to be within its jurisdiction and according to law, on the facts then before it.   The papers now produced are precisely those which were then before the court, and which were the basis of the order then made.   No new facts whatever appear, save that the parties are proceeding in the execution of that order. I have also before me the additional circumstance, that the same petitions for a habeas corpus and for a writ of certiorari, to bring up these proceedings, which were presented to me, and under which the court is now acting, had, before they were brought to me, been presented to the associate justice of the supreme court assigned to this circuit, and that he refused to allow them.

I might content myself with saying that,

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

as nothing new has occurred to change the aspect of this proceeding since this court acted upon it and made such order as was then deemed proper, it is hardly fit that this same tribunal should review its own proceeding in the manner now attempted, because another judge is now sitting, even if the judge now present entertained a doubt as to the propriety of the order heretofore made. I think it would be a fitting exercise of my judicial functions to accept the judgment of the court heretofore given, and the opinion of Mr. Justice Nelson, as sufficient authority for remanding the prisoner.

(2.) I find, however, no reason for discharging this prisoner, as matter of my own independent judgment. Since the petitions were presented to me, I have made some examination of the questions which I supposed would arise and be presented for my consideration here, and I do not now find, on examination of the papers as produced, and hearing the argument, anything that I did not anticipate, or anything to change the impression which my previous examination produced.

1. The mandate issued from the department of state of the United States, shows that the government of the United States has been applied to, and the performance of the stipulations of the treaty between the United States and the Swiss confederation, of the 25th of November, 1850, by the extradition of the prisoner, charged with forgery, has been requested; and that the government of the United States has entertained the application and certified the fact, to the end that the evidence of the prisoner's criminality might be heard and examined, and, if found sufficient; might be certified, in order that a warrant for the surrender of the prisoner might be issued. So that we have not merely the sanction of the government, but, in a sense, the requirement of the government, and the requirement of the acts of congress, calling upon the officers who are charged with the duty of examining the proofs and of certifying them to the executive, to perform that duty in this case.

2. I find, also, that, pursuant to the acts of congress, a complaint has been made and presented to the commissioner, setting out the fact that our government has been so applied to, and has issued its mandate—a complaint charging the offence of forgery with great particularity, and declaring that it is punishable, under the laws of the Swiss confederacy, by infamous punishment, and not, (as seems to have been claimed on the argument,) resting that allegation upon the mere opinion of the complainant, but declaring what that punishment is, in point of fact, to wit, imprisonment in the state prison. This complaint must be regarded as sufficient. In every substantial particular it meets the requirements of our own laws. It seems to me, after a careful examination of it, that it does so with great fullness, if it does not even more than satisfy those requirements, as a complaint charging the prisoner with the offence of forgery.

3. That being so, there remained to the commissioner a plain duty—a duty which he could not avoid, namely, to issue his warrant bringing the prisoner before him, to the end that the proofs might be taken and examined, so that this government might be able to perform the stipulations of its treaty. Under that complaint, in compliance with the mandate of the government, and in obedience to the acts of congress, a warrant was issued by Commissioner Shields, who has full and express authority for that purpose, which the warrant recites, sufficiently for all the purposes of such a warrant, appropriately referring to the acts of congress in that behalf.

4. By virtue of that warrant the prisoner is now held, and the examination and taking of proofs are now pending before Commissioner White, before whom the prisoner has been brought for the taking of such proofs. I should set the acts of congress at naught, and nullify the treaty, if I were to discharge the prisoner from that proceeding, unless the error alleged to have been committed on a former examination is fatal, not only to the order declaring the crime sufficiently established, but to the entire proceeding; and this, I am clearly of opinion, is not so.

5. While the proceeding is to be conducted with a cautious regard to the rights of the prisoner, it is not required, either by any just construction of the acts of congress, by any needful application of the rules of the common law, or by any regard to the prisoner's rights, or his protection, that a rigid respect be paid to any special technical form. If, on the examination, error occurs, by the exclusion of testimony which was admissible, it may be that the proceeding in that respect can be reviewed on habeas corpus. Such was Judge Blatchford's opinion. But, if that be so, the error should not and does not extend beyond the immediate order which was based upon such examination, or rather the order depending upon that examination. The prisoner sought relief from an order based on an examination erroneously conducted, and he has obtained such relief. The relief goes back to the error, and places him in the same situation as if no error had occurred. The prisoner stands, therefore, under arrest as before, charged and held for examination, but not committed for surrender. I find nothing in the acts of congress, or in any rule of law with which I am familiar, which made it necessary that Judge Blatchford should go one step further than he did, if, indeed, it be true that a habeas corpus can be issued at all for any such purpose. While it is clear that there is, in fact, no order of any court, and no decision of any judge, that the prisoner is illegally held under the warrant which was issued upon the complaint in this case, so, on the other hand, under the

views which I have already expressed, I find no order of any court or judge declaring such arrest to be illegal or improper; and it is clear that there should be no such order.

The prisoner must be remanded.